**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW ROBINSON,
an individual,

Case No.:

Plaintiff,
v.

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company, and
EXPERIAN INFORMATION
SERVICES, INC.,
a foreign for-profit corporation,

Defendants.
_________________________________/

**PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION**

Plaintiff, MATTHEW ROBINSON, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Aaron M. Swift, Esq. as Lead Counsel for Plaintiff.

**COMPLAINT**

**COMES NOW**, Plaintiff, MATTHEW ROBINSON (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax") and EXPERIAN INFORMATION SERVICES, INC (hereinafter, "Experian") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1. This is an action brought by Plaintiff, an individual consumer, for damages for Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendants each failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendants—with respect to Plaintiff's personal information, public record information reported, and several tradeline accounts—following the discharge order entered in Plaintiff's bankruptcy case. More specifically, Defendants inaccurately, incompletely, and misleadingly credit reported several tradeline accounts without indicating or notating that such accounts were included in—and discharged through—Plaintiff's voluntary bankruptcy case, all despite Defendants reporting Plaintiff's bankruptcy case as well as numerous other tradeline accounts as included in and/or discharged through Plaintiff's bankruptcy case.

2. Additionally, this is an action brought by Plaintiff for damages for Equifax's and Experian's violations of the FCRA wherein Equifax and Experian received a dispute from Plaintiff, yet Equifax and Experian failed to provide dispute results to Plaintiff.

**JURISDICTION, VENUE & PARTIES**

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

4. Defendants are each subject to the jurisdiction of this Court as

Defendants regularly conduct business in this District.

5. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District, Plaintiff filed his bankruptcy case in this District, and Plaintiff received a discharge order through his bankruptcy case in this District.

6. At all material times herein, Plaintiff is a natural person residing in Cook County, Illinois.

7. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

8. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

*Id.* at § 1681e(b) (emphasis added).

11. Further, under the FCRA, whenever a consumer reporting agency receives a dispute from a consumer, the consumer reporting agency is required to provide written notice to the consumer including the results of a reinvestigation not later than five (5) business days after the completion of the reinvestigation. *Id.* at § 1681i(a)(6).

12. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

13. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

**GENERAL ALLEGATIONS**

14. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

15. At all material times herein, Defendants each credit report erroneous

information concerning Plaintiff's personal information and the following tradeline accounts (hereinafter, the "Accounts"):

a. Upstart/FinWise Bank;
b. Ally Bank; and
c. American Airlines Federal Credit Union

16. At all material times herein, Equifax and Experian are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax and Experian each disburse such consumer reports to third parties under contract for monetary compensation.

17. At all material times herein, Defendants acted themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

18. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### Plaintiff's Bankruptcy Case and Discharge Order

19. On or about September 1, 2022, Plaintiff filed a voluntary Chapter 7 bankruptcy case in the Middle District of Florida, Orlando Division, identified by case number 6:22-bk-03201-TPG (hereinafter, "Bankruptcy Case").

20. Plaintiff listed his secured and unsecured debts in the schedules filed in

Plaintiff's Bankruptcy Case.

21. More specifically, Plaintiff listed Upstart/FinWise and American Airlines Federal Credit Union as unsecured creditors and listed Ally Bank as a secured creditor in his Bankruptcy Case petition and bankruptcy schedules.

22. Plaintiff did not reaffirm the Accounts allegedly owed to Upstart/Finwise, Ally Bank, or American Airlines Federal Credit Union through his Bankruptcy Case.

23. As such, the Accounts were scheduled to be discharged through Plaintiff's Bankruptcy Case.

24. On or about December 14, 2022, the United States Bankruptcy Court entered an Order of Discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case.

25. As such, as of December 14, 2024, the Discharge Order extinguished and eliminated Plaintiff's personal obligation with respect to the Accounts.

**Equifax's Credit Reporting of the Accounts**

26. On or about March 25, 2023, Plaintiff obtained a copy of his credit disclosure report from Equifax.

27. Notably, despite Equifax reporting Plaintiff's Bankruptcy Case itself was filed, the public records section of Plaintiff's Equifax report fails to report that Plaintiff received a discharge in December 2022 and that Plaintiff's Bankruptcy Case is now closed.

28. Additionally, Equifax reported Plaintiffs age as zero (0) yrs old despite

Plaintiff being born in 1988.

29. Lastly, in Plaintiff's report, Equifax reported Plaintiff's Upstart/FinWise account with a balance due and past-due in the amount of $8,315.00 and reported the account as charged-off between July 2021 and January 2023.

30. However, the Upstart/FinWise account was included in Plaintiff's Bankruptcy case and Equifax failed to mark or notate the account as included in and discharged through Plaintiff's Bankruptcy Case.

31. Therefore, Equifax clearly knew that the Upstart/FinWise account preceded the date of Plaintiff's Bankruptcy Case as an open account and Plaintiff did not reaffirm the account through his Bankruptcy Case, and therefore, such account should also be marked as included in and/or discharged through Plaintiff's Bankruptcy Case with a zero-dollar ($0.00) balance owed.

32. Without such notation, a user of Plaintiff's Equifax report could reasonably conclude that the Upstart/FinWise account remains owing and due from Plaintiff.

33. On or about May 16, 2023, Plaintiff sent a letter to Equifax—with the assistance of his attorneys—wherein Plaintiff disputed Equifax's reporting of the Upstart/FinWise account, Equifax's failure to mark the Upstart/Finwise account as discharged, and Equifax's failure to report that Plaintiff's Bankruptcy Case was discharged and closed.

34. Plaintiff's May 2023 dispute to Equifax also advised that Equifax was inaccurately reporting Plaintiff's age as zero (0) years old.

35. Equifax received Plaintiff's dispute letter dated May 16, 2023.

36. Despite Equifax receiving Plaintiff's dispute and Plaintiff's identifying documents through his letter dated May 16, 2023, Equifax failed to provide dispute results to Plaintiff.

37. After the date the Discharge Order was entered in Plaintiff's Bankruptcy Case, but before Equifax updated its reporting of the Upstart/FinWise account, Equifax prepared and published Plaintiff's credit information to his current creditors and potential lenders which included the inaccurate public records section, the incorrect age of Plaintiff, and the Upstart/FinWise account that should have been included in or discharged through Plaintiff's Bankruptcy Case.

**Experian's Credit Reporting of the Accounts**

38. On or about March 2023, Plaintiff obtained a copy of his credit disclosure report from Experian.

39. Despite Experian reporting Plaintiff's Bankruptcy Case itself in the public record section of Plaintiff's credit report as filed on September 1, 2022, Ally and Experian reported the Ally account as sixty (60) days late in September 2022.

40. However, Plaintiff's Bankruptcy Case was filed on September 1, 2022, meaning an automatic stay was in effect and therefore Plaintiff could not have been sixty (60) days or more past-due on the Ally account any time in September 2022.

41. Similarly, despite Experian reporting the bankruptcy case itself in the public record section of Plaintiff's credit report as filed on September 1, 2022, American Airlines Federal Credit Union and Experian reported the American Airlines

Federal Credit Union account as thirty (30) days late in September 2022.

42. Again, Plaintiff's Bankruptcy Case was filed on September 1, 2022, meaning an automatic stay was in effect and therefore Plaintiff could not have been thirty (30) days or more past-due on the American Airlines Federal Credit Union account any time in September 2022.

43. Experian clearly knew that the Ally account and American Airlines Federal Credit Union account preceded the date of Plaintiff's Bankruptcy Case as derogatory accounts and Plaintiff did not reaffirm the accounts through his Bankruptcy Case, and therefore, Experian knew such account should also be marked as included in and/or discharged through Plaintiff's Bankruptcy Case with a zero-dollar ($0.00) balance owed.

44. Without such notation, a user of Plaintiff's Experian report could reasonably conclude that the Accounts remain owing and due from Plaintiff.

45. On or about May 16, 2023, Plaintiff sent a letter to Experian—with the assistance of his attorneys—wherein Plaintiff disputed Experian's reporting of late remarks in September 2022 with respect to the Accounts furnished by Ally Bank and American Airlines Federal Credit Union.

46. Experian received Plaintiff's dispute letter dated May 16, 2023.

47. Despite Experian receiving Plaintiff's dispute and Plaintiff's identifying documents through his letter dated May 16, 2023, Experian failed to provide dispute results to Plaintiff.

48. After the date the Discharge Order was entered in Plaintiff's Bankruptcy

Case, but before Experian updated its reporting of the Accounts, Experian prepared and published Plaintiff's credit information to his current creditors and potential lenders which included the Ally Bank account and American Airlines Federal Credit Union account with inaccurate monthly payment history and inaccurate late statuses.

**DAMAGES**

49. As a result of Defendants' unlawful reporting of the Accounts, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Accounts, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

50. Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct and did not receive the benefit of a fresh start following the conclusion of his Bankruptcy Case.

51. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

52. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

53. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he did not wish to further damage his

credit score with futile credit inquiries, and he was continually evaluated for credit using consumer reports that reported the Accounts with past-due balances.

54. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite receiving a discharge order in his Bankruptcy Case which legally discharged any balance owed on the Accounts, Plaintiff must simply endure Defendants' erroneous reporting of the Accounts' balances.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(As to both Equifax and Experian)**

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

55. Equifax and Experian are each subject to, and both violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

56. Equifax and Experian each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the discharged Accounts.

57. Despite Plaintiff receiving a discharge order in his Bankruptcy Case no later than December 14, 2022—which legally eliminated Plaintiff's personal liability with respect to the Accounts—Equifax subsequently reported the Upstart/Finwise

account with a past-due balances and failed to mark or otherwise indicate that such account was included in and discharged through Plaintiff's Bankruptcy Case.

58. Further, despite Equifax clearly knowing of Plaintiff's Bankruptcy Case as Equifax was reporting the Bankruptcy Case itself in the public records section of Plaintiff's Equifax report, Equifax failed to report the subsequent discharge and that Plaintiff's Bankruptcy Case was closed.

59. Additionally, Equifax inaccurately reported that Plaintiff was zero (0) years old when Plaintiff was born in 1988.

60. If Equifax maintained reasonable procedures designed to avoid such errors, Equifax would not have reported the Upstart/Finwise account with a balance and as past-due following the discharge order, Equifax would have reported the Upstart/Finwise account as included in Plaintiff's Bankruptcy Case, Equifax would have reported the Bankruptcy Case as discharged and closed, and Equifax would have accurately reported Plaintiff's age.

61. Similarly, despite Plaintiff filing his Bankruptcy Case on September 1, 2022 and despite Experian reporting the same in the public records section of Plaintiff's Experian report, Experian inaccurately reported the Ally Bank and American Airlines Federal Credit Union Accounts as late and past-due in September 2022.

62. Such reporting is false because an automatic stay was in effect the day Plaintiff filed his Bankruptcy Case and therefore Plaintiff could not have been past-due on the Ally Bank or American Airlines Federal Credit Union Accounts account any time in September 2022.

63. If Experian maintained reasonable procedures designed to avoid such errors, Experian would not have reported the Ally Bank and American Airlines Federal Credit Union Accounts as late and past-due in September 2022

64. Equifax's and Experian's reporting of the Accounts following is false and evidences Equifax's and Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

65. Additionally, Equifax reported Plaintiffs age as "0 yrs old" despite Plaintiff being born on April 1, 1988, and failed to report that Plaintiff received a discharge on December 2022 and that Plaintiff's Bankruptcy Case is now closed.

66. After December 2022, Equifax and Experian each generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

67. Overall, Equifax and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files following the conclusion of Plaintiff's Bankruptcy Case.

68. As a result of Equifax's and Experian's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Accounts with an erroneous past-

due balance.

69. Equifax's and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

70. Equifax's and Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i**

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

71. Defendants are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(6) by failing to provide Plaintiff with written notice of Defendants' re-investigation results following Plaintiff's written dispute.

72. Specifically, Equifax received Plaintiff's dispute letter dated May 16, 2023.

73. Similarly, Experian received Plaintiff's dispute letter dated May 16, 2023.

74. Despite Equifax and Experian each receiving Plaintiff's dispute letter dated May 16, 2023, neither Equifax nor Experian sent dispute results to Plaintiff.

75. As such, Defendants each failed to provide written dispute results as

required by the Fair Credit Reporting Act.

76. As a result of Defendants' conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness and was unsure whether Defendants were accurately reporting Plaintiff's Bankruptcy Case and all account information following Plaintiff's dispute.

77. Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

78. Defendants' actions in violation of 15 United States Code, Section 1681i, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Equifax and Experian for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorneys' fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Aaron M. Swift*

**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*